# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-1343V

| | |
|---|---|
| JAMES JACKSON, | |
| | Special Master Corcoran |
| Petitioner, | Filed: March 28, 2017 |
| v. | Decision; Attorney's Fees and Costs; Influenza ("Flu") Vaccine; Vaccine Neuropathy. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Donald P. Edwards*, Law Office of Donald P. Edwards, Atlanta, GA, for Petitioner.

*Christine M. Becer*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On November 6, 2015, James Jackson filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he suffered from vaccine-caused neuropathy as a result of his January 11, 2013, receipt of the influenza vaccine. The parties filed a stipulation for damages on March 9, 2017 (ECF No. 25), which I adopted by decision the same day. ECF No. 26.

---

[1] This decision will be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Prior to the filing of the stipulation, Petitioner filed an unopposed motion for attorney's fees and costs, dated January 10, 2017. *See* ECF No. 21. Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $15,579.00 (representing $13,050.00 in attorney's fees, plus $2,529.00 in costs). *Id*. In addition, and in accordance with General Order No. 9, Petitioner represents that he did not incur any personal costs or expenses in conjunction with this matter. ECF No. 30. Petitioner's fees application and supplemental memorandum represent that Respondent does not oppose the requested sum, and Respondent has informally confirmed the same. *See* ECF No. 21; ECF No. 31 at 2.

I approve the requested amount for attorney's fees and costs as reasonable.[3] Accordingly, an award of $15,579.00 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Donald Edwards, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Petitioner's application for fees and costs, although unopposed, relies upon a proposed hourly rate for Petitioner's counsel, Donald P. Edwards, Esq., who practices in Atlanta, Georgia. Petitioner purports that counsel should be paid the hourly rate for a comparably-experienced attorney based upon the prevailing rate in his area, which he argues is similar to the in-forum rates set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Because Respondent does not maintain an objection to the amount of fees and costs sought by Petitioner, and because I find that the total sum requested is reasonable under the circumstances, I do not reach the question of whether Mr. Edwards is entitled to the requested forum rate under the test established by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008), and this decision therefore does not constitute specific approval of that requested rate.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.